
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MEIGUANG CHEN,<br><br>    Petitioner,<br><br>v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>    Respondent. | No. 11-71784<br><br>Agency No. A088-092-845<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 19, 2013[**]

Before:     HUG, FARRIS, and LEAVY, Circuit Judges.

    Petitioner Meiguang Chen ("Chen"), a native and citizen of China, petitions

for review of a decision from the Board of Immigration Appeals ("BIA") in which

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

the BIA dismissed his appeal from the immigration judge's ("IJ") denial of his application for asylum and withholding of removal.[1]

Where the BIA conducts its own review of the evidence and law rather than adopting the IJ's decision, this court limits its review to the BIA's decision, except to the extent that the BIA expressly adopts the IJ's opinion. *Hosseini v. Gonzales*, 471 F.3d 953, 957 (9th Cir. 2006). This court reviews adverse credibility findings under the substantial evidence standard. *Rizk v. Holder*, 629 F.3d 1083, 1087 (9th Cir. 2011). When reviewing for substantial evidence, "a petitioner contending that the Board's findings are erroneous must establish that the evidence not only supports that conclusion, but compels it." *Ghaly v. INS*, 58 F.3d 1425, 1431 (9th Cir. 1995) (internal quotation marks omitted). Our jurisdiction is governed by 8 U.S.C. § 1252. We grant the petition for review.

Chen argues that the BIA erred by upholding the IJ's adverse credibility finding. The BIA found four notable discrepancies in Chen's testimony which formed the basis of its adverse credibility determination. The BIA noted discrepancies in Chen's testimony concerning dates. Specifically, the BIA affirmed the IJ's adverse credibility determination based on inconsistencies

---

[1]Because the parties are familiar with the facts underlying this appeal, we do not recount the facts here.

2

regarding the date of his marriage, the date of his wife's tubal ligation, the date his passport was issued, and the date Chen learned that the United States supported human rights.

Inconsistencies in a petitioner's testimony must be viewed in light of the "'totality of the circumstances, and all relevant factors.'" *Shrestha v. Holder*, 590 F.3d 1034, 1043 (9th Cir. 2010) (quoting 8 U.S.C. § 1158(b)(1)(B)(iii)).  An IJ is required to provide specific and cogent reasons supporting an adverse credibility determination and must "consist of something more than trivial inconsistencies that under the total circumstances have no bearing on a petitioner's veracity."  *Ren v. Holder*, 648 F.3d 1079, 1085 (9th Cir. 2011) (internal quotation marks omitted). "[M]inor discrepancies in dates that  . . . cannot be viewed as attempts by the applicant to enhance his claims of persecution have no bearing on credibility."  *Id.* at 1086 (internal quotation marks omitted).

Considering the totality of the circumstances, the discrepancies in dates cited by the IJ and the BIA are manifestly trivial.  The discrepancies in dates have no bearing on Chen's veracity and do not indicate an attempt to enhance his claim. Because the discrepancies in dates are insufficient upon which to base an adverse credibility determination, we reverse that determination and deem Chen's testimony credible.  *See id.* at 1089.

The IJ did not determine whether Chen's testimony, if credible, established past persecution or a well-founded fear of persecution. We therefore remand for further proceedings to determine whether Chen's credible testimony establishes his eligibility for asylum and withholding of removal. *See INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam).

**PETITION FOR REVIEW GRANTED and REMANDED WITH INSTRUCTIONS**